UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

VIRGINIA AVEDISIAN,
*Individually and on behalf of all*
*Others similarly submitted,*

CASE NO.: 9:25-cv-81344

Plaintiff,

v.

NORTHFIELD HOLDING CORP.
D/B/A FLORIDA WINDOW & DOOR,

Defendant.
________________________________/

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, NORTHFIELD HOLDING CORP. D/B/A FLORIDA WINDOW & DOOR (hereinafter "Defendant"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby files this notice of removing this cause of action from the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to the United States District Court, Southern District of Florida, West Palm Beach Division, and in support thereof, states:

**1. State Court Action**

On or about August 9, 2025, Plaintiff, VIRGINIA AVEDISIAN, individually and on behalf of all Others similarly submitted (herein "Plaintiff"), filed an Amended Complaint in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, in the matter styled *Virginia Avedisian, individually and on behalf of all Others similarly submitted, v. Northfield Holding Corp. d/b/a Florida Window & Door* Case No.: 50-2025-CA-008703-XXXA-MB (the "State Court Action"). *See* Summons and Complaint attached hereto as Exhibit "A". Whereafter, on or about October 9, 2025, the Plaintiff served the Defendant with process in the State Court Action. *See* Notice of

Service attached hereto as Exhibit "B." In the State Court Action, Plaintiff alleges two Counts against the Defendant arising out of an alleged violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d) & (e). *See* Ex. "A."

**2. Removal of State Court Action**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In determining whether an action arises a federal law, the courts apply the well-pleaded complaint rule. *Dorsett v. Highlands Lake Ctr., LLC*, 557 F. Supp. 3d 1218, 1224 (M.D. Fla. 2021) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Under this rule, a federal question exists when the face of the complaint "invokes" federal law as the basis for the relief requested. *Id.*

Here, on the face of the Complaint, Plaintiff relies exclusively upon several federal statutes including the Telephone Consumer Protection Act and the Code of Federal Regulations. *See* Ex. "A." Accordingly, Plaintiff has raised a federal question in both counts of their Amended Complaint, warranting removal pursuant to 28 U.S.C §1331. *See Dorsett*, 557 F. Supp. 3d at 1224; *see also Johnson v. Wellborn*, 418 Fed. Appx. 809, 814 (11th Cir. 2011) (holding that federal question jurisdiction existed where complaint alleged claims under federal statutes at the time notice of removal was filed).

**3. Timeliness of Removal**

Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise…"


**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING – 222 LAKEVIEW AVENUE SUITE 500 – WEST PALM BEACH, FLORIDA (561) 383-9200 – (561) 683-8977 (FAX)

Here, the State Court Action first became removable by the Defendant on October 9, 2025, when a copy of the Amended Complaint was served upon the undersigned. *See* Ex. "B." Accordingly, this notice is timely pursuant to 28 U.S.C. § 1446(b)(1).

**4. Venue**

The United States District Court for the Southern District of Florida is the judicial district embracing the place where the State Court Case was brought and is pending and is, thus, the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 89 (b), 1441(a) & 1446(a). Moreover, the West Palm Beach Division is the proper division within the Southern District of Florida to which the case should be removed since that is the division which covers county where this action was originally filed. *See* Ex. "A;" *see also* 28 U.S.C. §§ 1441(a), (e) & 1446(a).

**5. Notice to State Court and Plaintiff**

Simultaneously with filing this Notice, the Defendant shall give written notice to Plaintiff and shall file a copy of this Notice with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

**WHEREFORE**, NORTHFIELD HOLDING CORP. D/B/A FLORIDA WINDOW & DOOR, respectfully requests that this Honorable Court exercise jurisdiction over this matter.

Dated: October 29, 2025.

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants*
222 Lakeview Avenue, Suite 500
West Palm Beach, FL 33401
Telephone (561) 612-3461
Facsimile (561) 683-8977
Primary e-mail: stuart.schneider@csklegal.com
Secondary e-mail: Nicole.jackson@csklegal.com

By: /s/ *Stuart Schneider*
STUART P. SCHNEIDER
Florida Bar No. 109256

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of October 2025, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

By: /s/ *Stuart Schneider*
STUART P. SCHNEIDER
Florida Bar No. 109256


**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING – 222 LAKEVIEW AVENUE SUITE 500 – WEST PALM BEACH, FLORIDA (561) 383-9200 – (561) 683-8977 (FAX)