UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:25-cv-81344-EA

VIRGINIA AVEDISIAN,
*Individually and on behalf of all*
*Others similarly submitted,*

Plaintiff,

v.

NORTHFIELD HOLDING CORP.
D/B/A FLORIDA WINDOW & DOOR,

Defendant.
_________________________________/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, NORTHFIELD HOLDING CORP. D/B/A FLORIDA WINDOW & DOOR (hereinafter "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff, VIRGINIA AVEDISIAN (hereinafter "Plaintiff") Complaint, and states as follows:

**PRELIMINARY STATEMENT**

1. Paragraph 1 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 1.

2. Paragraph 2 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 2.

3. Paragraph 3 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 3.

**NATURE OF THE CLAIM**

4. Admitted that Plaintiff is attempting to pursue a putative class action pursuant to the TCPA. All other express or implied allegations of this paragraph are hereby denied.

5. Denied.

6. Admitted that Plaintiff is seeking injunctive relief and statutory damages. All other express or implied allegations of this paragraph are hereby denied.

7. Denied.

8. Admitted for jurisdictional purposes. All other express or implied allegations of this paragraph are hereby denied.

9. Without knowledge therefore denied.

10. Admitted.

11. Paragraph 11 is improperly pled and therefore, the Defendant can neither admit nor deny. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 11.

12. Admitted that paragraph 12 references a photograph/ screenshot, which speaks for itself. All other express or implied allegations of this paragraph are hereby denied.

13. Admitted that paragraph 13 references photographs/ screenshots, which speak for themselves. All other express or implied allegations of this paragraph are hereby denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Without knowledge therefore denied.

24. Without knowledge therefore denied.

25. Without knowledge therefore denied.

26. Admitted that Defendant receives telephone and call log reports. All other express or implied allegations of this paragraph are hereby denied.

27. Denied.

## CLASS ALLEGATIONS

### PROPOSED CLASS

28. Admitted that Plaintiffs are attempting to pursue this case as a class action pursuant to Fla. R. Civ. P. 1.220. All other express or implied allegations of this paragraph are hereby denied.

29. Admitted that paragraph 29 references certain unidentified statutory language which speaks for itself. All other express or implied allegations of this paragraph are hereby denied.

30. Paragraph 30 is improperly pled and therefore, the Defendant can neither admit nor deny. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 30.

31. Denied.

**NUMEROSITY**

32. Denied.

33. Denied.

**COMMON QUESTIONS OF LAW AND FACT**

34. Denied.

35. Denied.

**TYPICALITY**

36. Denied.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

37. Without knowledge therefore denied.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

38. Paragraph 38 is Plaintiff's commentary on the law, and therefore, no response is needed from Defendant. To the extent a response is needed from Defendant, Defendant denies the allegations set forth in paragraph 38.

39. Denied.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Class)**

40. Defendant repeats and re-alleges the responses set forth in paragraphs 1 through 39 of the Amended Complaint.

41. Admitted that paragraph 41 references language from 47 C.F.R. § 64.1200(d) which speaks for itself. All other express or implied allegations of this paragraph are hereby denied.

42. Admitted.


COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Admitted that paragraph 54 references section 227(c)(5) of the TCPA which speaks for itself. All other express or implied allegations of this paragraph are hereby denied.

55. Admitted that paragraph 55 references section 227(c)(5) of the TCPA which speaks for itself. All other express or implied allegations of this paragraph are hereby denied.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(c) AND 64.1200(c)**
**(On Behalf of Plaintiff and the Class)**

56. Defendant repeats and re-alleges the responses set forth in paragraphs 1 through 39 of the Amended Complaint.

57. Admitted that paragraph 57 references statutory language from 47 C.F.R. § 64.1200(c), which speaks for itself. All other express or implied allegations of this paragraph are hereby denied.


**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

58. Admitted that paragraph 58 references statutory language from 47 C.F.R. § 64.1200(e), which speaks for itself. All other express or implied allegations of this paragraph are hereby denied.

59. Admitted that paragraph 59 references statutory language from 47 C.F.R. § 64.1200(c), which speaks for itself. All other express or implied allegations of this paragraph are hereby denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## GENERAL DENIAL

Any and all allegations not expressly admitted herein are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff or any other alleged similarly situated individuals have failed to state a cause of action with regard to Counts I and II of the Amended Complaint. This includes and is not limited to Plaintiffs failure to state a cause of action for violation of 47 U.S.C. and 47 C.F.R.

### SECOND AFFIRMATIVE DEFENSE

The Defendant asserts that the Plaintiff and any other alleged similarly situated individuals waived their right to pursue these causes of action through their consent to the receive telecommunications from the Defendant. *In re Transbrasil S.A. Linhas Aereas*, 557 B.R. 240, 243 (Bankr. S.D. Fla. 2016).


**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

**THIRD AFFIRMATIVE DEFENSE**

The Defendant asserts that third parties or non-parties to this matter are responsible for the alleged injury or harm. *See, Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993); *Castellanos v. BJ's Wholesale Club, Inc.*, No. 24-CV-21612, 2024 WL 3829967, at *2 (S.D. Fla. Aug. 15, 2024). Here, those parties include but are not limited to: (1) any third party vendors responsible for the intake and record keeping of telecommunications on behalf of the Defendant; (2) any third party vendors responsible for the output of automated messaging for or on behalf of the Defendant; and (3) any third party who was in contact with the Plaintiff to which the Plaintiff may have believed was the Defendant or was acting on the behalf of the Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

The Defendant asserts that Plaintiff's claims, as well as any claims Plaintiff seeks to represent on behalf of any other alleged similarly-situated individuals are barred, in whole or in part, by reason of acts, omissions, representations, and courses of conduct by Plaintiff, by which Defendants were led to rely to their detriment, thereby barring each and every cause of action under the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant states that to the extent Plaintiff or any other alleged similarly situated individuals' have brought duplicative claims for the same injury against the Defendant, they are not entitled to duplicative recovery. *St. Luke's Cataract and Laser Inst., P.A. v. Sanderson*, 573 F.3d 1186, 1203 (11th Cir. 2009) (holding that the Supreme Court has instructed that the courts can and should preclude double recovery by an individual and that "[i]t is clear that no duplicating recovery of damages for the same injury may be had.") (quoting *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 333 (1980)); *Florida Temps, Inc. v. Shannon Properties, Inc.,* 645 So.2d 102, 104 (Fla. 2d

DCA 1994) (holding that "[plaintiff was] not entitled to damages for fraud that duplicate damages awarded for breach of the contract").

**SIXTH AFFIRMATIVE DEFENSE**

Defendant states that, at all pertinent times, they acted in good faith and in an effort to comply with all applicable contractual provisions, as well as all federal, state, and local rules.

**SEVENTH AFFIRMATIVE DEFENSE**

The Defendant asserts that they are exempt from liability under 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)-(d) because communications with the Plaintiff were not for telemarketing or solicitation purposes.

**EIGHTH AFFIRMATIVE DEFENSE**

The Defendant asserts that neither the Plaintiff nor any other alleged similarly situated individuals' have no standing to maintain claims against Defendant, as they have not sustained any concrete or particularized injury and, therefore, not been damaged.

**NINTH AFFIRMATIVE DEFENSE**

While Defendant expressly denies any purported violations of federal or state statutes, Defendant also states that any such alleged violation were not knowing or willful pursuant to 47 U.S.C. § 227(c).

**TENTH AFFIRMATIVE DEFENSE**

Defendant asserts that neither Plaintiff nor any other alleged similarly situated individuals' have suffered any actual damages, however, if the Plaintiff or any similarly situated individuals' suffered any actual damage, they have failed to mitigate those damages or take other reasonable steps to avoid or reduce those damages.


COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 500 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant states that Plaintiff fails to sufficiently allege that a class action is being brought or that a class action is proper. Among other things, Plaintiff fails to allege, because they cannot allege any facts to support or suggest there are any other similarly situated individuals or that such individuals are numerous in amount. Fed. R. Civ. P. 23.

**RESERVATION OF RIGHTS**

Defendant hereby reserves the right to amend and supplement its Answer to Plaintiff's Amended Complaint with additional defenses pending the outcome of discovery, if any, in this matter.

**JURY TRIAL DEMAND**

Defendant, by and through its undersigned counsel hereby demands a trial by jury on all issues so triable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of November 2025, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
222 Lakeview Avenue, Suite 500
West Palm Beach, Florida 33401
Telephone 561-681-5523
Facsimile 561-683-8977
Primary e-mail: stuart.schneider@csklegal.com
Alternative e-mail: daniel.dellarocca@csklegal.com

By: */s/ Stuart P. Schneider*
STUART P. SCHNEIDER
Florida Bar No.: 109256